07-634 GMS

Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware 19801-3570

OFFICIAL BUSINESS

**FILED**

DEC 27 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Jose Diaz
SBI# 1794989
Howard R. Young Correctional Institution
P.O. Box 9561
Wilmington, DE 19809



RETURN TO SENDER

☒ INMATE UNKNOWN — NO INMATE BY THIS SPELLING
☐ INMATE RELEASE
☐ CORRESPONDENCE REFUSED — DISCLOSURE UNAUTHORIZED

UNITED STATES POSTAGE
$ 00.580
PITNEY BOWES
02 1A
0004615572   DEC 26 2007
MAILED FROM ZIP CODE 19802

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSE DIAZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Action No. 07-634-GMS |
| ) | |
| STATE OF DELAWARE/HOWARD R. ) | |
| YOUNG CORRECTIONAL ) | |
| INSTITUTION, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

The plaintiff, Jose Diaz ("Diaz"), a former inmate at the Howard R. Young Correctional Institution ("HRYCI"), filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

**I. STANDARD OF REVIEW**

When a litigant proceeds *in forma pauperis*, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable

---

[1] Plaintiff was an inmate at the HRYCI at the time he filed his lawsuit. The last two mailings to him have been returned as "undeliverable." It appears he has been released from prison and left no forwarding address.

basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In performing the court's screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Fullman v. Pennsylvania Dep't of Corr.*, No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). Additionally, a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

Because the plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

-2-

## II. ANALYSIS

Diaz alleges that inhumane living conditions existed at the HRYCI for nine days in July 2007. He alleges the air/ventilation/exhaust was turned completely off, there was no water for a twenty-four hour period, and the floors and walls were dripping with dew.

The two named defendants are immune from suit. The Eleventh Amendment is a "jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 (3d Cir. 1996) (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984)). The Eleventh Amendment proscribes any suit against a state, or against a state agency or department or state official where "the state is the real, substantial party in interest," unless the state consents to suit. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-101 (1984); *see MCI Telecom. Corp v. Bell Atl. of Penn.*, 271 F.3d 491 (3d Cir. 2001) (states are generally immune from private suits in federal court).

The HRYCI falls under the umbrella of the Delaware Department of Correction, an agency of the State of Delaware. Moreover, state correctional institutions are arms of the state and not persons subject to liability under § 1983. *See Green v. Howard R. Young Corr. Inst.*, 229 F.R.D. 99, 102 (D. Del. 2005).

Neither the State of Delaware nor the HYRCI have waived their Eleventh Amendment immunity, and therefore, they are immune from suit. Accordingly, the court will dismiss the claims against them pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## III. CONCLUSION

For the above stated reasons the court finds that the complaint fails to state a claim upon which relief may be granted as the State of Delaware and the HRYCI are immune from suit.

Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the Complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976). An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

Nov 20, 2007
Wilmington, Delaware



FILED
DEC 20 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSE DIAZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-634-GMS |
| | ) |
| STATE OF DELAWARE/HOWARD R. | ) |
| YOUNG CORRECTIONAL | ) |
| INSTITUTION, | ) |
| | ) |
| Defendants. | ) |

## ORDER

At Wilmington this 20th day of Dec., 2007, for the reasons set forth in the Memorandum issued this date, the complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile.

CHIEF UNITED STATES DISTRICT JUDGE

FILED

DEC 20 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE